UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GRM CORPORATION,

        Plaintiff,

                              Case Number 06-15231-BC

v.                                    Honorable Thomas L. Ludington

MINIATURE PRECISION COMPONENTS,
INC.,

        Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

On November 22, 2006, Plaintiff GRM Corporation filed a complaint against Defendant Miniature Precision Components, alleging breach of contract and misappropriation of trade secrets under Mich. Comp. Laws §§ 445.1901 *et seq*. Plaintiff manufactures primary and secondary thermostats with overmolded seals, and Defendant sells engine components to automobile manufacturers.

According to Plaintiff's complaint, the parties entered into requirements contracts for the production of those thermostats, as allegedly shown by the exhibits attached to its complaint. These exhibits include requests for quotation, purchasing feasibility assessments, award letters, and purchase orders. These documents do not reflect a time span for the purported contracts, but the requests for quotation do include a reference to model years 2005 to 2009. The purchase orders included a provision stating, "All production components supplied shall be annually revalidated one year after the preceding submission date." Additionally, the purchase orders are divided into columns for description, quantity, unit, unit price, and amount. Although not printed precisely within the vertical lines for those columns and appearing on two horizontal lines, the purchase order

for primary thermostats reads, "PRIMARY THERMOSTAT," "*BLANKET ORDER," "EA," and "4.1400." Similarly, the purchase order for secondary thermostats reads, "SCNDRY THERMOSTAT," "*BLANKET ORDER," "EA," and "2.6400." On both orders, this language is followed by this language, "* SHIP PER RELEASES ONLY," "PPAP AND 600 PCS. DUE 01/24/05,"[1] and "THIS P.O. FOR PIECE PRICE ONLY." Plaintiff contends that these documents constituted contracts for each type of thermostat.

On December 18, 2006, Defendant filed a motion for partial dismissal as to Plaintiff's breach of contract claims. Defendant argues that the absence of a quantity term in the purported contracts rendered them unenforceable under Uniform Commercial Code (U.C.C.) § 2-201. *See Acemco, Inc. v. Olympic Steel Lafayette, Inc.*, No. 256638, 2005 Mich. App. Lexis 2656 (Mich. Ct. App. 2005) (unpublished) (concluding that the term "blanket," in the context of that specific purchase order and on a motion for summary disposition, did not suffice to specify a quantity under the statute of frauds); *see also Advanced Plastics Corp. v. White Consolidated Industries, Inc.*, 47 F.3d 1167 (6th Cir. 1995) (reciting the necessity of agreeing to purchase a portion of goods to show a requirements contract).

A motion for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) "allow[s] a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and

---

[1] The purchase order for primary thermostats, in fact, lists this date as "1/24/04." The fact that the order issued on 8/26/04 suggests that this due date for an earlier month was stated in error.

determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).  Here, because Plaintiff attached the documents that it alleges comprised the purported contracts, those documents are included within the pleadings that the Court reviews.  *Compare* Fed. R. Civ. P. 12(b).  Any ambiguity within the purported contract terms requires the attention of the finder of fact.

U.C.C. § 2-306[2] permits parties to enter into requirements contracts, thus creating an exception to the general rule of U.C.C. § 2-201 that a commercial contract must include a quantity term to be enforceable.  The absence of a specific quantity term is not fatal to a contract, if the quantity term is instead set by a standard of good faith in that commercial context and one party's business requirements. *See General Motors Corp. v. Paramount Metal Products Co.*, 90 F.Supp.2d 861, 873 (E.D. Mich. 2000) ("A promise to buy of another person or company all or some of the commodity or service that the promissor may thereafter need or require in his business is not an illusory promise and such a promise is a sufficient consideration for a return promise.") (citations and internal quotations omitted); *see also Lorenz Supply Co. v. American Standard, Inc.*, 358 N.W.2d 845, 847 (Mich. 1984) ("A requirements or output term of a contract, although general in language, nonetheless is, *if stated in the writing*, specific as to quantity, and in compliance with § 2-201.").

Here, a variety of ambiguities in the purported contract documents prevent the Court from concluding that, assuming all of Plaintiff's allegations are true, Defendant is entitled to judgment as a matter of law.  While it is acknowledged that none of the documents require Defendant to

---

[2]Disposition of this motion does not require the Court to address any issue pertaining to choice of law because both Michigan and Wisconsin have adopted the U.C.C. without any alterations relevant to the issues presented by Defendant's instant motion.

purchase the parts exclusively from Plaintiff during an established term, the designation of a span of model years for which Defendant required Plaintiff's products could furnish that information. Also, a provision in the purchase orders arguably anticipated an ongoing relationship between the parties, because Defendant there stated that requirements were to be revalidated on an annual basis. Further, the placement, context, and lack of definition of the term "blanket order" are necessarily ambiguous. While the term "blanket order" might reflect a firm commitment for the price of the parts, "blanket order" could, equivalently, represent a quantity term, as argued by Plaintiff. Indeed, that term could reflect the parties' intention for Plaintiff to be Defendant's exclusive supplier.

Accordingly, the evidence in the attached documents is consistent with Plaintiff's allegations in its complaint. Partial dismissal as to counts I and II is not warranted, because Plaintiff may yet be able to substantiate a set of facts that would entitle it to relief.

Accordingly, it is **ORDERED** that Defendant's motion for partial dismissal [dkt #5] is **DENIED**.

                                                      s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: March 8, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2007.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS